IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   JANA ATKINS, | ) | |
| | ) | |
|       Plaintiff, | ) | CIV-15-730-C |
| v. | ) | |
| | ) | |
| 1.   THE STATE OF OKLAHOMA ex rel | ) | |
|       THE UNIVERSITY OF CENTRAL | ) | |
|       OKLAHOMA, and | ) | |
| 2.   ONA BRITTON-SPEARS, in her | ) | |
|       individual capacity as Coordinator | ) | |
|       of Reference & Instruction | ) | |
|       for the University of Central | ) | |
|       Oklahoma, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|       Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Jana Atkins, and for her causes of action against the Defendants herein alleges and states as follows:

## PARTIES

1.   Plaintiff, Jana Atkins, is an adult female residing in Oklahoma County, Oklahoma.

2.   The Defendants are:

   a.   The State of Oklahoma ex rel. The University of Central Oklahoma ("UCO"), an entity conducting business in Oklahoma County, Oklahoma; and

   b.   Ona Britton-Spears in her individual capacity as Coordinator of Reference & Instruction for Defendant UCO.

-1-

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are based on (1) disability discrimination, failure to accommodate and retaliation in violation of Section 504 of the Rehabilitation Act and the Oklahoma Discrimination in Employment Act (Okla. Stat. tit. 25 §1350); (2) interference with and retaliation for use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA") and corresponding state law; (3) age discrimination in violation of the Oklahoma Discrimination in Employment Act (Okla. Stat. tit. 25 §1350); and (4) tortious interference with a contractual/employment relationship/prospective economic advantage.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma and the Defendants may be served in Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on or about November 26, 2014. Plaintiff subsequently received by mail a right to sue letter from the EEOC issued on or about June 10, 2015. This case is timely filed within ninety (90) days of

Plaintiff's receipt of her right to sue letter. Plaintiff also timely filed a Notice of Governmental Tort Claim on or about December 18, 2014, which was denied on or about January 30, 2015. This case is timely filed within the requisite period thereafter.

## STATEMENT OF FACTS

7. Plaintiff is an adult female born in August 1973, making her over forty (40) years of age at all relevant times. She began her employment with Defendant UCO on or about May 15, 2006.

8. From on or about May 15, 2006 until her wrongful termination on or about October 22, 2014, Plaintiff held the position of Performing Arts/Multimedia Librarian. Plaintiff's direct supervisor at all relevant times was Defendant Ona Britton-Spears, Coordinator of Reference & Instruction.

9. In or around April 2010, Plaintiff suffered a pulmonary embolism. As a result, she was hospitalized and was required to be absent from work for approximately two (2) weeks.

10. Upon returning to work, Plaintiff continued to suffer medical problems. Consequently, Plaintiff was required to miss work from time to time while she underwent testing to determine the precise diagnosis for her medical problems.

11. In or around August 2012, Plaintiff was diagnosed with Sjogren's Syndrome, a chronic autoimmune disease in which white blood cells attack the moisture-producing glands and organs.

12. Sjogren's Syndrome substantially limits Plaintiff's ability to perform one or more major life activities, including but not limited to her ability to see, walk, salivate, speak and concentrate. Such condition causes Plaintiff to suffer from extreme fatigue, abdominal pain, nausea, joint pain, migraines, arthritis, dry mouth (impacting her ability to speak), and dry eyes (impacting her ability to see in bright lighting). It also impacts Plaintiff's internal bodily processes, including but not limited to her immune, moisture-producing and digestive systems. And, as a result of said condition, Plaintiff suffered/suffers from irritable bowel syndrome which impacts her digestive system.

13. Upon being diagnosed with said condition, Plaintiff notified Britton-Spears. Plaintiff also requested reasonable accommodations, including but not limited to a flexible work schedule, a work location more closely situated to the restroom, as well as different lighting in her office and other work areas. However, Britton-Spears summarily denied Plaintiff's reasonable requests.

14. Upon notifying Britton-Spears of her conditions, Britton-Spears began more closely scrutinizing Plaintiff's work. And, while Britton-Spears had been friendly with Plaintiff prior to notice of Plaintiff's medical conditions, Britton-Spears distanced herself from Plaintiff and treated her coldly after such notice.

15. Notably, Plaintiff was not the only employee who suffered from a medical condition that Britton-Spears treated negatively. Prior to Plaintiff notifying Britton-Spears of her condition, Britton-Spears would often complain to Plaintiff about Alaina Maxwell

(another of Britton-Spears' subordinates) missing her desk shift. However, it was Plaintiff's understanding that Ms. Maxwell missed her desk shifts on occasion because of a medical condition.

16.     Because Britton-Spears refused to accommodate Plaintiff, Plaintiff asked to meet with Human Resources in or around February 2013. During the meeting, Plaintiff notified HR of her medical conditions, as well as her need for accommodations and intermittent leave while her medical providers searched for the most appropriate medication to treat her condition.

17.     During the meeting, despite Britton-Spears' past knowledge of Plaintiff's medical condition and related absences, Plaintiff was notified for the first time of her right to FMLA..

18.     Therefore, following the meeting, Plaintiff requested intermittent FMLA leave. And, while her request was granted a few weeks later, Britton-Spears and HR began calling Plaintiff into meetings, accusing Plaintiff of "excessive absences." However, Plaintiff had not exhausted her FMLA leave, and she had accrued leave time covering all her absences. And, Plaintiff told Britton-Spears and HR in or around this period (i.e., in or around February 2013) and thereafter that her physicians were placing her on different medications to treat her conditions.

19.     Plaintiff's other requests for accommodations (including *inter alia* her request for a flexible work schedule, a work location more closely situated to the restroom, as well

as different lighting in her office and other work areas) were also not met. This was so despite the fact that other offices more closely situated to the restroom were available and other similarly-situated employees (who were younger, not disabled and/or had not requested FMLA) were permitted to work flexible work hours and/or work from home.

20. In or around late-February or early-March 2014, HR Representative Carrie Irwin asked Plaintiff if she had thought of taking an extended leave.

21. Thereafter, beginning in or around late-March 2014, and continuing into April 2014, Plaintiff (in light of Irwin's statement) took approximately six (6) weeks leave. However, in the midst of such leave, Plaintiff received a letter from Ms. Irwin, stating she had exhausted her paid leave and that if she failed to return to work, she would be considered to have resigned. Yet, Plaintiff had not exhausted her FMLA leave at that time.

22. Thereafter, Plaintiff responded to the letter, explaining that she was continuing to seek treatment for her condition and that she was not resigning. And, though Plaintiff returned to work in or around late-April 2014, because of her medical condition, Plaintiff necessarily continued to miss work on occasion.

23. Plaintiff was then notified of her termination from UCO by Britton-Spears and Irwin on or about October 22, 2014. During Plaintiff's termination meeting, Britton-Spears told Plaintiff the reason for Plaintiff's termination was "excessive absences." However, the stated reason for Plaintiff's termination is pretext. In fact, all but approximately five (5) hours of Plaintiff's absences were covered by FMLA and/or accrued leave. And, Plaintiff

could, and did, satisfactorily perform the essential functions of her job.

24.     After her termination, Plaintiff applied for unemployment benefits. During her hearing with the Oklahoma Employment Security Commission on or about December 15, 2014, Britton-Spears admitted Plaintiff received satisfactory performance evaluations (including in the area of attendance) throughout Plaintiff's employment with UCO. Despite this, Britton-Spears claimed Plaintiff was fired for attendance.

25.     Significantly, Britton-Spears admitted that days Plaintiff was on medical leave were taken into consideration in the decision to fire Plaintiff.

26.     Moreover, while the termination letter Plaintiff received stated she was being terminated for "excessive absences," Britton-Spears testified she was not aware of any policy that identified or defined what constituted "excessive absences."

27.     Further, Britton-Spears admitted all of Plaintiff's absences were approved. And, despite the fact that Britton-Spears admitted UCO has a progressive disciplinary policy, Plaintiff did not receive any disciplinary action prior to her termination.

28.     Plaintiff was treated less favorably than her similarly-situated, younger, non-disabled co-workers. Ms. Britton-Spears more closely scrutinized and nitpicked Plaintiff's work in comparison with that of Plaintiff's similarly-situated, non-disabled co-workers. Plaintiff's non-disabled co-workers were also allowed to miss hours of work beyond their allotted leave time, but were not terminated.

29.     Further, in or around October 2014, Plaintiff requested time off to care for her

husband, who was having gallbladder surgery. Plaintiff sought to make up her time during the weekend. However, Britton-Spears did not permit Plaintiff to do so. This was so despite the fact that Plaintiff's similarly-situated, non-disabled co-workers were allowed to make up missed time over the weekend.

30. Upon information and belief, Plaintiff has been replaced by a significantly younger, non-disabled individual.

31. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. This count is brought against Defendant UCO only.

33. Discrimination, failure to accommodate and retaliation based on a record of a disability, being perceived as disabled, or being disabled is in violation of Section 504 of the Rehabilitation Act and the Oklahoma Discrimination in Employment Act (Okla. Stat. tit. 25 §1350)

34. More specifically, Plaintiff was a qualified individual with a disability, in that, she suffers from a physical impairment (i.e., *inter alia* Sjogren's Syndrome) which substantially limits her ability to perform one or more major life activities including *inter alia* her ability to see in certain lighting and to concentrate. Moreover, as a result of said

condition, Plaintiff suffered from extreme fatigue, joint pain, dry mouth, and dry eyes. Said condition also impacted one or more of Plaintiff's internal bodily processes, including *inter alia* her immune and digestive systems. And, as a result of said condition, Plaintiff suffered/suffers from irritable bowel syndrome.

35. Despite said impairments, Plaintiff could perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

36. Defendant UCO failed to provide Plaintiff with reasonable accommodations.

37. As a direct and proximate result of Defendant UCO's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

38. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed state law.

## COUNT II

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

39. This count is brought against both Defendants.

40. The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA") and corresponding state law.

41. Plaintiff was entitled to medical leave because she worked for Defendant UCO, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for

more than one (1) year and for more than 1250 hours within the one year prior to her need for leave.

42. Plaintiff suffered from a serious health condition in the form of *inter alia* Sjogren's Syndrome, requiring continued treatment by a health care provider.

43. Defendants UCO and Britton-Spears interfered with Plaintiff's rights under the FMLA by initially failing to notify Plaintiff of her FMLA rights and then discouraging Plaintiff from using her FMLA, by *inter alia* telling Plaintiff she must return to work despite the fact Plaintiff had not exhausted her FMLA.

44. Defendants UCO and Britton-Spears also retaliated against Plaintiff for her use of FMLA leave, subjecting Plaintiff to less favorable treatment and more stringent work standards than her similarly-situated co-workers who had not exercised their FMLA rights, and ultimately terminated Plaintiff. Defendants' actions were taken in response to Plaintiff's exercise of rights under the FMLA.

45. As the direct and proximate result of Defendants' willful conduct, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to, lost wages (past and future), liquidated damages, and attorney's fees and costs.

## COUNT III

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

46. This count goes against Defendant UCO.

47. The matters alleged above constitute violations of the Oklahoma Discrimination in Employment Act (Okla. Stat. tit. 25 §1350) in the form of age discrimination.

48. Plaintiff is entitled to relief because, at all times relevant to this action, she was over the age of forty (40), was qualified for her job, was discharged and replaced by a significantly younger individual.

49. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed state law.

### COUNT IV

For her fourth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

50. This Count goes against Defendant Britton-Spears.

51. The acts above-described constitute unlawful interference with a contract/employment relationship/prospective economic advantage. Defendant's actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant UCO when she was wrongfully terminated. Defendant Britton-Spears had no justification, excuse, or privilege for such interference.

52. A valid business relationship existed between Plaintiff and UCO; Defendant Britton-Spears knew of the relationship; Defendant Britton-Spears intentionally interfered

with such relationship and/or induced or caused termination of the relationship; and Plaintiff was damaged as a result.

53. As damages, Plaintiff has suffered lost earnings, past and future, and other compensatory damages.

54. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against the Defendants and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS 7th DAY OF JULY, 2015.**

s/ Jana B. Leonard
**LEONARD & ASSOCIATES, P.L.L.C.**
**JANA B. LEONARD, OBA # 17844**
**SHANNON HAUPT, OBA #18922**
**8265 S. WALKER**
**OKLAHOMA CITY, OK 73139**
**(405) 239-3800        TELEPHONE**
**(405) 239-3801        FACSIMILE**
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED